_____ FILED          _____ ENTERED
_____ LOGGED     _____ RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AUG – 1 2013

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                                      DEPUTY

BETTY JOHNSON, *pro se*        *

                          *

        Plaintiff,         *

                          *        Civil No.: **PJM 12-3808**

v.                         *

                          *

BANK OF AMERICA, N.A., et al.    *

                          *

        Defendants.      *

## <u>MEMORANDUM OPINION</u>

Betty Johnson, *pro se*, has sued Bank of America, N.A. ("BANA") and its employees, Lashuan Holland and April Connolly, alleging "fraudulent bankruptcy and loan." BANA has filed a Motion to Dismiss on behalf of itself and its employees [Paper No. 6]. For the following reasons, the Court **GRANTS** Defendants' Motion.

## I.

On September 30, 1999, Mrs. Johnson and her now deceased husband ("Mr. Johnson") purchased property in Capitol Heights, Maryland with a loan from BANA.[1] On the same day, the Johnsons also obtained a home equity line of credit ("HELOC") from BANA. The Johnsons defaulted on their mortgage, and in 2004 BANA initiated foreclosure proceedings against them in Maryland state court. In 2005, Mr. Johnson filed for Chapter 13 bankruptcy. Because of the bankruptcy, the foreclosure action was dismissed. On December 20, 2006, the bankruptcy case was dismissed due to Mr. Johnson's failure to make payments under the plan.

On March 29, 2007, the Johnsons sold the property to a third party. On April 20, 2007, BANA executed a Certificate of Satisfaction showing that its mortgage loan to the Johnsons had

---

[1] Although the Complaint is seriously lacking in factual detail, the Court has constructed a timeline of events based on the parties' various filings in order to make the Complaint comprehensible.

been paid off in full. On September 15, 2008, BANA executed a Certificate of Satisfaction showing that the HELOC had also been paid off in full.

In September 2009, Mrs. Johnson filed her first lawsuit against BANA in the U.S. District Court for the District of Columbia. In her one-paragraph complaint, she stated that she was filing the suit on the basis of conflict of interest, slander, defamation of character, and violation of "the Disability Act." She did not, however, describe what BANA purportedly had done wrong. The case was dismissed in December 2009 for lack of jurisdiction.

On March 22, 2010, Mrs. Johnson filed her second complaint against BANA, this time in the Circuit Court for Prince George's County in Maryland, seemingly intending to articulate a claim for defamation and fraud relating to one or both of her loans. After the case was removed to this Court, it was subsequently remanded back to state court, which dismissed the case with prejudice for failure to state a claim.

On December 28, 2012, Mrs. Johnson filed suit against BANA for the third time, which is the case currently before the Court. Her Complaint reads, in its entirety:

Fraudulent Bankruptcy and Loan

Prose [sic] Plaintiff Betty J. Johnson will prove with letter's [sic] of documentation and witnesses that can explain on the witness stand, if this Honorable Court will give this case a trial by jury. The witnesses are Lashaun Holland [,] Customer Advocate Office of the CEO and President, and the letter Mr. Holland sent to Betty Johnson dated November 13, 2012. The second witness is April Connolly, Customer Advocate Office of the CEO and President Executive Customer Relations. Ms. Connelly's letter was sent to Betty Johnson March 30, 2012[.] The third witness is Michael Robles[.] Mr. Robles filed a Declaration of Michael Robles in the United States District Court for the District of Maryland. 4th witness Robert H. Rosenbaum letter dated July 24, 2006 Case No 05-1-3506 PM Chapter 13[.] 5th witness Richard D. Lord attorney for Bank of America N/A. Plaintiff Betty J. Johnson am [sic] to be compensated the sum of (five hundred million dollars) $500,000,000. Plus punitive damages [.]

BANA filed its Motion to Dismiss on February 25, 2013.

## II.

BANA argues that the Complaint should be dismissed because: (a) service of process was improper or not effected; (b) the Complaint fails to state a claim upon which relief can be granted; (c) the purported claims are barred by the applicable statutes of limitations; and (d) the Complaint is barred by the doctrine of res judicata. The Court addresses each argument in turn.

### A

BANA has alleged, and Mrs. Johnson has not refuted, that service of process was improper or ineffective. While this may very well be true, the Court will not, in light of Mrs. Johnson's *pro se* status, dismiss her case on the basis of ineffective service. *See Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983) ("If the first service of process is ineffective, a motion to dismiss should not be granted, but rather the Court should treat the motion in the alternative, as one to quash the service of process and the case should be retained on the docket pending effective service.") (citation omitted).

### B

BANA next argues that Mrs. Johnson's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. This argument has merit. Under Fed. R. Civ. P. 8(a)(2), Mrs. Johnson was required to include in her Complaint a short and plain statement of the claim showing that she is entitled to relief. The closest Mrs. Johnson comes to meeting this requirement was titling her Complaint "Fraudulent Bankruptcy and Loan." She provides no other facts or averments to buttress her claim. In her Response to the Motion to Dismiss, she states only that "[t]he banks knowingly overcharged [her]." While this averment may represent a particle of improvement over her otherwise hollow Complaint, it still does not state a claim on which relief can be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to survive a motion to dismiss). Nonetheless, given that Mrs. Johnson is proceeding *pro se*, the Court will not dismiss for failure to state a claim, but will construe the Complaint as effectively stating a claim or claims. But as will be shown hereafter, the case still fails for other reasons.

C

BANA's third argument is that, to the extent Johnson is asserting a breach of contract or fraud claim, those claims are time-barred by the applicable statutes of limitations. The Court agrees.

The statute of limitations for a cause of action for breach of contract is three years in Maryland, Md. Code Ann., Courts and Judicial Proceedings § 5-101, although the limitations period may be extended in exceptional circumstances, as explained by the Fourth Circuit:

> The statute of limitations on [the plaintiffs'] contract claim began to run when the cause of action for breach of contract accrued. Under the principles set forth in our cases, the cause of action accrued when [the defendant] breached its contract...and when the breach was or should have been discovered...Since the discovery rule is now generally applicable in civil actions, accrual of the cause of action was postponed until [the plaintiffs] knew or should have known of the breach.

*Goodman v. Praxair, Inc.*, 494 F.3d 458, 465 (4th Cir. 2007) (citing *Jones v. Hyatt Ins. Agency, Inc.*, 741 A.2d 1099, 1103-04 (Md. 1999)); *see also Poole v. Coakley & Williams Constr., Inc.*, 31 A.3d 212, 236 (Md. 2011) (discovery rule is an exception to the general rule that the running of limitations against a cause of action begins upon occurrence of the alleged wrong).

From all indications, Mrs. Johnson and BANA had absolutely no relationship after BANA filed the Certificate of Satisfaction of the HELOC on October 6, 2008. This means that there was no contract to be breached after that date, and any possible claim for breach would be

time-barred after October 5, 2011, unless there were reason to extend the date pursuant to the discovery rule. Mrs. Johnson filed her Complaint on December 28, 2012—well after the passing of the limitations period. So even assuming she has framed a proper cause of action for breach of contract (which she frankly has not), she has given no reason why the discovery rule exception should apply. Any cause of action for breach against BANA is therefore time-barred.

Mrs. Johnson suffers the same fate with regard to any possible fraud claim against BANA. *See* Md. Cts. & Jud. Proc. § 5-101; *see also Sasso v. Koehler*, 445 F. Supp. 762, 765 (D. Md. 1978) (statute of limitations for common law fraud is three years from date of accrual). Aside from the bald assertion in her Response that she was knowingly overcharged by BANA, the Court has been provided with no purported dates of fraudulent conduct, no precise description of fraudulent conduct and no indication of who committed the fraud—indeed no facts pointing to fraudulent conduct in any respect, as Fed. R. Civ. P. 9(b) requires. The Court, in any case, concludes that no act of fraud could have occurred after October 6, 2008, and again the Court sees no reason to apply the discovery rule exception. Accordingly, any possible cause of action for fraud is also time-barred. To the extent that Mrs. Johnson's Complaint sounds in breach of contract or fraud, her Complaint is dismissed.

**D**

BANA's final argument is that Mrs. Johnson's claim or claims should be dismissed by reason of the doctrine of res judicata. Again, the Court agrees. The Fourth Circuit has recently articulated the purpose for and elements of res judicata under Maryland law:

> Res judicata, also known as claim preclusion, bars a party from relitigating a claim that was decided or could have been decided in an original suit. The doctrine was designed to protect litigants from the burden of relitigating an identical issue with the same party or his privy and [to promote] judicial economy by preventing needless litigation. Generally, the preclusive effect of a judgment rendered in state court is determined by the law of the state in which the judgment was rendered. Under Maryland law, the elements of res judicata are: (1) that the

parties in the present litigation are the same or in privity with the parties in the earlier dispute; (2) that the claim presented in the current action is identical to the one determined in the prior adjudication; and (3) that there has been a final judgment on the merits.

*Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161-62 (4th Cir. 2008) (internal quotation and citations omitted).

Mrs. Johnson's second suit against BANA was dismissed with prejudice by the Circuit Court for Prince George's County for failure to state a claim. Her complaint in that case alleged that her husband had a credit report that would "prove that Bank of America ha[d] falsified [her] loan with a charged off account that ha[d] been paid off and satisfied. . ." While the specifics of Mrs. Johnson's complaint in the Prince George's County suit are somewhat murky, it is clear that she was alleging some sort of fraud committed by BANA relative to one of or both of the loans she and her husband had taken out with BANA.

Accordingly, the first element for res judicata is met in the present case because the named defendants are the same as or in privity with the defendant in Mrs. Johnson's dismissed 2010 action, *viz.* BANA. Defendants Holland and Connolly, as employees of BANA, are in privity with it for purposes of res judicata. *See Jacobs v. Venali, Inc.*, 596 F. Supp. 2d 906, 913 (D. Md. 2009) ("Maryland courts have held that an employee in a new suit is in privity with his employer from a previous suit for purposes of res judicata."); *see also Bouchat v. Champion Products, Inc.*, 327 F. Supp. 2d 537, 544 (D. Md. 2003) ("The determination of privity is an equitable consideration that is not amenable to rigid construction.").

The second element of res judicata is satisfied because, for purposes of res judicata, the claim Johnson now brings, as best as it can be deciphered, is identical to her 2010 claim. "The test for deciding whether the causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation arises out of the same transaction or series of

transactions as the claim resolved by the prior judgment." *Laurel Sand & Gravel, Inc.*, 519 F.3d at 162 (internal citation and quotation omitted). "Newly articulated claims based on the same [transactional] nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id.* (internal citation and quotation omitted).

Mrs. Johnson's Complaint is titled, "Fraudulent bankruptcy and loan." Although her Complaint in this Court sets forth no further facts or allegations, she states in her Response to the Motion to Dismiss that BANA overcharged her account. Without any additional facts or accusations, the Court can only assume that Mrs. Johnson's current claims arise out of the same transaction or series of transactions as the claims dismissed with prejudice in the Circuit Court for Prince George's County's 2010 case, since in both that and this case she alleges she was overcharged by BANA for one or both of her loans, and in both cases she alludes to purported fraud. The Court has absolutely no reason to believe that Mrs. Johnson's new claims are based on a new fact or set of facts, or that they could not have been brought in her previous state court action. This is especially true considering the two letters from BANA attached to Mrs. Johnson's current Complaint—the only two attachments that post-date her 2010 case. These letters are entirely innocuous on their face and their purpose as attachments is unknown. Significantly, Mrs. Johnson does not contest BANA's argument that she is bringing the same claims she brought in 2010. The second res judicata element, then, is also met.

The third and final element of res judicata is met because the Maryland court's dismissal with prejudice of Mrs. Johnson's 2010 case is treated as a final judgment on the merits. *See Venali, Inc.*, 596 F. Supp. 2d at 914 (dismissals with prejudice are treated as final judgments on the merits for purposes of res judicata).

In sum, Mrs. Johnson's Complaint is barred by res judicata and will accordingly be dismissed with prejudice.

## III.

For the foregoing reasons, Defendants' Motion to Dismiss [Paper No. 6] is **GRANTED**. A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

August 1, 2013